IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH L. GENDREAU,<br><br>                Plaintiff,<br><br>v.<br><br>THE CITY OF MERCER ISLAND,<br>a municipal corporation,<br><br>and<br><br>ROBB KRAMP, in his<br>capacity as a police officer for the City of<br>Mercer Island, and as an individual,<br><br>                Defendants. | No.:<br><br>COMPLAINT FOR DAMAGES |

## INTRODUCTION

1. This is a civil action seeking damages against the above-named defendants. The civil claims include common law tort causes of action, statutory causes of action, and offenses committed under color of law resulting in a deprivation of rights secured by the

COMPLAINT FOR DAMAGES - 1

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

Constitution and laws of the United States of America.

## JURISDICTION AND VENUE

2. This Court has personal and subject matter jurisdiction over plaintiff's federal civil rights claims under Title 42, United States Code, § 1983, and Title 28, United States Code, §§ 1331 and 1343(a)(3).

3. This Court has pendent jurisdiction over plaintiff's state law claims and over defendants as to said claims, pursuant to Title 28, United States Code, § 1367 (Judicial Improvements Act of 1990), Public Law No. 101-650, 104 Stat. 5089 (1990).

4. The acts and omissions complained of herein occurred in King County, Washington, and the defendants are residents and citizens of the State of Washington.

5. Plaintiff is a resident and citizen of the state of Washington.

6. Venue in this Court is proper pursuant to Title 28, United States Code, § 1391.

## PARTIES

7. Plaintiff Joseph L. Gendreau is a citizen of the United States and a citizen and resident of the state of Washington.

8. Defendant City of Mercer Island is a municipal corporation organized under the laws of the State of Washington. Defendant City of Mercer Island is sued directly under Title 42, United States Code, §1983 as to the federal claims, and under the doctrine of *respondeat superior* as to the state law claims herein.

COMPLAINT FOR DAMAGES - 2

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

9. Defendant City of Mercer Island includes, as one of its agencies, the City of Mercer Island police department.

10. At all times material to this complaint, defendant Robb Kramp was a police officer employed by defendant City of Mercer Island. At all times material to this complaint, defendant Robb Kramp was an agent and employee of defendant City of Mercer Island and was acting within the scope of his employment with the City of Mercer Island, under color of the laws of the State of Washington.

11. Defendant Robb Kramp is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Mercer Island.

## FACTUAL ALLEGATIONS

A. *Trespass on the Gendreau property*

12. On or about June 22, 2009, Dawna Forschler, a real estate agent, parked her car in Plaintiff's driveway, blocking access to and from the Gendreau family home, located at 4032 E. Mercer Way on Mercer Island.

13. Kai Li, apparently a client of Ms. Forschler, also parked his car in Plaintiff's driveway, also blocking access to and from the Gendreau family home.

14. The blocking of the Gendreau driveway was unreasonable under the circumstances.

15. As a result of the blockage, the Gendreaus summoned the police by calling 911.

COMPLAINT FOR DAMAGES - 3

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

16. Mercer Island police officer Hyderkhan arrived at the scene. He advised Ms. Forschler and Mr. Li that they could not park in Claimant's driveway.

17. Ms Forschler and Mr. Li left the Gendreau driveway.

B. *Arrest Without Probable Cause*

18. Later that day, Ms. Forschler contacted the Mercer Island police and asserted that plaintiff had taken some papers from her.

19. Defendant Kramp contacted plaintiff by telephone. Plaintiff denied taking papers from Ms Forschler.

20. Plaintiff advised defendant Kramp that Ms. Forschler had left papers on his property.

21. Plaintiff offered to bring the papers to the Mercer Island police station.

22. Plaintiff brought the papers to the police station and gave them to defendant Kramp.

23. After plaintiff arrived at the police station, Defendant Kramp arrested plaintiff for "Assault and Battery".

24. Ms. Forschler told defendant Kramp that plaintiff had never physically harmed her, nor had he threatened to harm her.

25. The arrest of plaintiff was without probable cause.

26. The arrest of plaintiff herein was unreasonable under the circumstances.

COMPLAINT FOR DAMAGES - 4

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

C..   *The Aftermath of the Arrest*

27.  As a result of the arrest, plaintiff was handcuffed, booked and fingerprinted at the Mercer Island police station.

28.  Plaintiff was charged with assault in the Mercer Island Municipal Court.

29.  Plaintiff retained private counsel to represent him in the matter.

30.  The charge was dismissed.

D.   *Ratification*

31.  At the time of the events referred to in this complaint, Ed Holmes was the Chief of the Mercer Island Police Department.

32.  Chief Holmes reviewed the actions of the officers, after the fact.

33.  Chief Holmes approved of the actions of the officers in this matter.

D.   *Damages*

34.  As a proximate cause of the acts and omissions of defendants, plaintiff, a doctor, suffered personal injuries, including, but not limited to, loss of liberty, emotional distress, economic loss, and other consequential damages.

COMPLAINT FOR DAMAGES - 5

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

35. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 34.

36. The acts and omissions of defendants herein were done under color of state law, custom or usage.

37. Plaintiff Joseph Gendreau was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein.

38. Plaintiff Joseph Gendreau had a federally-protected right, under the Fourth Amendment, not to be subjected to an unreasonable seizure.

39. The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of Joseph Gendreau.

40. As a proximate result of the acts and omissions of defendants and deprivation of plaintiff's' Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

## SECOND CAUSE OF ACTION:
## ARREST WITHOUT PROBABLE CAUSE
## IN VIOLATION OF THE FOURTH AMENDMENT

41. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 40.

42. The acts and omissions of defendants herein were performed under color of state law, custom or usage.

COMPLAINT FOR DAMAGES - 6

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

43. Joseph Gendreau was arrested, for purposes of the Fourth Amendment, when he was seized, handcuffed, and taken into custody.

44. Joseph Gendreau had a federally-protected right, under the Fourth Amendment, not to be arrested by defendants without probable cause.

45. The defendants lacked probable cause to arrest Joseph Gendreau.

46. The acts and omissions of defendants herein, and each of them, proximately caused the deprivation of Joseph Gendreau's Fourth Amendment rights.

47. As a proximate result of the acts and omissions of defendants and deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

### THIRD CAUSE OF ACTION: MUNICIPAL LIABILITY OF THE CITY OF MERCER ISLAND

48. Plaintiff hereby incorporates and re-alleges, as though fully set forth herein, each and every allegation of paragraphs 1 through 47.

49. At all times material to this complaint, defendant City of Mercer Island, by and through its chief of police, had in effect certain explicit and *de facto* policies, practices and customs which were applied to the detention and arrest of Joseph Gendreau.

50. For purposes of the incident described herein, it was the policy, custom and practice of the City of Mercer Island to arrest and detain the plaintiff without probable cause in violation of his Fourth Amendment rights as set forth hereinabove.

51. It was further the policy of the City of Mercer Island, by and through its chief of police, to approve, acquiesce, condone and ratify the unreasonable seizure and detention of

COMPLAINT FOR DAMAGES - 7

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

the plaintiff in the incident described hereinabove, in violation of his Fourth Amendment rights.

52. The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the unreasonable seizure and detention of the plaintiff in the incident described herein, in violation of his Fourth Amendment rights, was a deliberate choice by defendant City of Mercer Island, by and through its chief of police.

53. For purposes of liability for said policies, practices and/or customs, the chief of police was the authorized policy-maker on police matters, and his decisions, explicit and *de facto*, were and are binding on defendant City of Mercer Island. The police chief is not named as a defendant in this lawsuit at this time.

54. These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

55. The above-described policies, practices and customs of defendant City of Mercer Island proximately caused the deprivation of the Fourth Amendment rights of the plaintiff.

56. As a proximate result of the above-described policies, practices and customs of defendant City of Mercer Island and as a result of the deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

### FOURTH CAUSE OF ACTION: ASSAULT AND BATTERY

57. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 56.

COMPLAINT FOR DAMAGES - 8

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

58. Defendants assaulted and battered plaintiff Joseph Gendreau by arresting him.

59. Defendant City of Mercer Island is liable for the actions of the individual defendant under the doctrine of *respondeat superior*. Defendant Kramp is not being sued individually in this cause of action at this time.

60. As a direct, proximate and foreseeable result of the wrongful actions described hereinabove, plaintiff has been damaged in an amount in excess of the minimum jurisdiction of this Court.

### FIFTH CAUSE OF ACTION:
### FALSE ARREST/FALSE IMPRISONMENT

61. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 60.

62. Defendants arrested and detained plaintiff Joseph Gendreau without probable cause.

63. Defendant City of Mercer Island is liable for the actions of the individual defendant under the doctrine of *respondeat superior*. Defendant Kramp is not being sued individually in this cause of action at this time.

64. As a direct, proximate and foreseeable result of the wrongful actions described hereinabove, plaintiff has been damaged in an amount in excess of the minimum jurisdiction of this Court.

COMPLAINT FOR DAMAGES - 9

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

## SIXTH CAUSE OF ACTION:
## PROSECUTION WITHOUT PROBABLE CAUSE/
## MALICIOUS PROSECUTION IN VIOLATION OF
## THE FOURTH AMENDMENT

65. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 64.

66. The acts and omissions of defendants herein were done under color of state law, custom, or usage.

67. Defendants instituted a criminal action against the plaintiff.

68. The prosecution ended in the plaintiff's favor on or about December 15, 2009.

69. The criminal proceeding was initiated without probable cause.

70. Plaintiff had a federally-protected right, under the Fourth and Fourteenth Amendments to the United States Constitution, not to be subjected to prosecution without probable cause.

71. The acts and omissions of defendants herein proximately caused the deprivation of plaintiff's Fourth and Fourteenth Amendment rights.

72. As a proximate result of the acts and omissions of defendants and deprivation of his Fourth and Fourteenth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

COMPLAINT FOR DAMAGES - 10

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

## SEVENTH CAUSE OF ACTION:
## MALICIOUS PROSECUTION UNDER STATE LAW

73. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 72.

74. The acts and omissions of defendants herein were done under color of state law, custom, or usage.

75. Defendants instituted a criminal action against the plaintiffs.

76. The prosecution ended in the plaintiff's favor on or about December 15, 2009

77. The criminal proceeding was initiated without probable cause.

78. Defendants acted maliciously.

79. Defendant City of Mercer Island is liable for the actions of the individual defendant under the doctrine of *respondeat superior*. Defendant Kramp is not being sued individually in this cause of action at this time.

80. As a proximate result of the acts and omissions of defendants, plaintiff Joseph Gendreau suffered personal injuries as set forth hereinabove.

## PUNITIVE DAMAGES ALLEGATIONS

81. Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 80.

COMPLAINT FOR DAMAGES - 11

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

82. The acts and omissions of defendant Kramp herein were motivated by evil motive or intent, or involved reckless or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

83. Defendant City of Mercer Island should indemnify defendant Kramp for any damages awarded against him at the trial of this action, including punitive damages.

## JOINT AND SEVERAL LIABILITY

84. The City of Mercer Island is responsible for the fault of the individual defendant because the individual defendant was acting as an agent or servant of the City of Mercer Island. The City of Mercer Island is liable for all damages awarded against the individual defendant, including punitive damages. RCW 4.22.070(1)(a).

85. Since plaintiff is fault-free, the City of Mercer Island is jointly and severally liable for all damages awarded, including punitive damages. RCW 4.22.070(1)(b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

Compensatory Damages: The defendants should be required to pay compensatory damages in an amount to be proven at trial.

Punitive Damages: The defendants should be required to pay punitive damages in an amount to be proven at trial pursuant to Title 42, United States Code, § 1983; Title 42, United States Code, § 1988; RCW 4.22.070(1)(a); and RCW 4.22.070(1)(b).

COMPLAINT FOR DAMAGES - 12

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027

<u>Attorneys' Fees</u>: The defendants should be required to pay the plaintiff's reasonable attorneys' fees and costs pursuant to Title 42, United States Code, § 1988.

<u>Other Relief</u>: The Court should grant the plaintiff such other and further relief as the Court deems just and equitable.

DATED this the 19th day of August, 2011.

Respectfully submitted,

MUENSTER & KOENIG

By: <u>S/John R. Muenster</u>
    JOHN R. MUENSTER
    WSBA No. 6237
    Attorney at Law
Of Attorneys for Joseph L. Gendreau

COMPLAINT FOR DAMAGES - 13

**MUENSTER & KOENIG**
JOHN R. MUENSTER, INC., P.S.
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 467-7500
FAX: (206) 855-1027